NOT FOR PUBLICATION

```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
                       CAMDEN VICINAGE
```

```
_____
                               :
ALEXANDER CONRAD,              :
                               :
            Plaintiff,         :   Civil No. 04-5094 (RBK)
                               :
      v.                       :   OPINION
                               :
JOHN E. POTTER, POSTMASTER     :
GENERAL, UNITED STATES POSTAL  :
SERVICE,                       :
                               :
            Defendant.         :
_____:
```

**KUGLER**, United States District Judge:

This matter comes before the court upon its own motion to dismiss the complaint of pro se Plaintiff Alexander Conrad ("Conrad") for insufficient service of process pursuant to Federal Rule of Civil Procedure ("Rule") 4(m). For the reasons set forth below, the above-captioned suit will be dismissed.

**I.   Background**

Conrad, an employee at the United States Postal Service (USPS) plant in Swedesboro, New Jersey, from approximately November 1999 through June 2002, filed this employment discrimination suit on November 5, 2004, alleging a widespread practice of harassment on the basis of his perceived sexual orientation. Conrad claims that in January or February 2000, a rumor began circulating among his fellow employees that he is

homosexual. He alleges that the rumor escalated into a barrage of physical and verbal abuse by his co-workers. Conrad's complaint details numerous abusive and inappropriate incidents, many of which were known to supervisors. As a result of this harassment, he claims he developed serious psychological illnesses, including major depressive disorder, hypertension, anxiety, insomnia, and suicidal ideation, requiring ongoing treatment and psychiatric care. Conrad filed a complaint before the EEOC and had a hearing on June 8, 2004. On June 16, 2004, an administrative law judge issued a decision finding no discrimination. The agency implemented this decision as its final action.

    Conrad brought the present suit on October 19, 2004, and this Court approved his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> on November 5, 2004. Pursuant to Conrad's instructions and Rule 4(c)(2), the United States Marshals served a summons on John E. Potter, Postmaster General, and the USPS. The office of U.S. Attorney Christopher Christie sent Conrad a letter on February 1, 2005, notifying him that service was incomplete under Rule 4(i)(2). Conrad responded with a letter on March 4, 2005, attempting to effectuate service by enclosing a copy of the complaint without including a summons. The U.S. Attorney's office sent Conrad a second letter on July 6, 2005, informing him that service remained incomplete and that the Postmaster General would pursue dismissal of the suit if service was not properly

effectuated. Defendant then filed a motion to dismiss for insufficient service of process on July 19, 2005.

In its Order of November 21, 2005, this Court denied Defendant's motion and ordered Conrad to properly serve Defendant on or before December 30, 2005, on pain of sua sponte dismissal pursuant to Rule 4(m). In an apparent attempt to comply with this Order, Conrad sent copies of his complaint to the Postmaster General, the Attorney General of the United States, and the United States Attorney by certified mail. Included in these mailings were copies of a document labeled "Summons In A Civil Case," signed by Conrad. These "summons" were not issued by the clerk of the court and lack the seal of the court, as required by Rule 4(a) and (b), and are therefore invalid. Accordingly, as of December 31, 2005, neither the U.S. Attorney nor the Attorney General of the United States have been properly served.

**II.  Standard**

Although courts must construe pro se complaints liberally in favor of plaintiffs, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992), courts cannot exercise jurisdiction over a party that has not been properly served in conformity with Rule 4 of the Federal Rules of Civil Procedure, Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 886 (8th Cir. 1996) (holding that where defendant is improperly served, district court lacks jurisdiction

over defendant regardless of whether defendant had actual notice of lawsuit); Eastman Kodak Co. v. Studiengesellschaft Kohle mbH, 392 F. Supp. 1152, 1154 (D. Del. 1975) ("Service of process on a [defendant] is the procedural incident of the assertion of a court's jurisdiction over it."). Consequently, even with the relaxed treatment accorded pro se plaintiffs, the Court has no power to adjudicate a suit over defendants who have not been served. Jones v. Frank, 973 F.2d 872 (10th Cir. 1992) (upholding dismissal of pro se suit for insufficient service of process); Townsel v. Contra Costa County, 820 F.2d 319 (9th Cir. 1987) (same).

### III. Service of Process

Rule 4(m) instructs courts to dismiss suits where "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint" unless "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m); Abdel-Latif v. Wells Fargo Guard Services, Inc., 122 F.R.D. 169, 171 (D.N.J. 1988). When suing a federal officer, such as the Postmaster General, in his official capacity,[1] the plaintiff must also serve both the U.S. Attorney and the Attorney General of the United States. Fed. R. Civ. P. 4(i); Jones v. Frank, 973 F.2d 872 (1992) ("Because the [employment discrimination] complaint was

---

[1] The proper defendant in an employment discrimination suit against the USPS is the Postmaster General in his official capacity, pursuant to 42 U.S.C. § 2000e-16(c).

4

filed in Colorado against the Postmaster General, an officer of the United States, Plaintiff was required to serve the Postmaster General, the U.S. Attorney General, and the U.S. Attorney"); Shore v. Henderson, 168 F. Supp. 2d 428, 431 (E.D. Pa. 2001); Boucher v. Potter, 2005 WL 1183148, *2 (S.D. Ind. 2005) (finding that former USPS employee's allegations of employment discrimination could not proceed until she properly served the U.S. Attorney and the Attorney General).

Before dismissing a suit for insufficient service of process, the court should first "determine whether good cause exists for an extension of time." Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305-06 (3d Cir. 1995). Good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (holding that "good cause" is the same standard as "excusable neglect" under Rule 6(b)(2)) (citing Petrucelli, 46 F.3d at 1312). "The burden of establishing excusable neglect is upon the appellant, even one proceeding pro se." Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) (citations omitted)).

A pro se litigant's ignorance of the rules does not constitute good cause sufficient to excuse a failure to timely

serve process. <u>Kersh v. Derozier</u>, 851 F.2d 1509, 1512 (5th Cir. 1988) ("To hold that a pro se litigant's ignorance of [the Rules] excuses his compliance with the [Rules] would automatically excuse his failure to serve his defendants timely."); <u>Townsel v. County of Contra Costa</u>, 820 F.2d 319, 320 (9th Cir. 1987) ("To hold that complete ignorance of Rule 4 . . . constitutes good cause for untimely service would allow the good cause exception to swallow the Rule.").

Conrad's failure to properly effectuate service is unreasonable under the circumstances. The suit has been pending since November 5, 2004, and the 120 day period elapsed in March 2005. Although the U.S. Attorney informed Conrad that service of process was defective as early as February 2005, Conrad took no action beyond mailing the complaint to the U.S. Attorney and did nothing to serve the Attorney General. Even after the extension provided in this Court's Order of November 21, 2005, Conrad has yet to properly effectuate service. Accordingly, this Court now finds that Plaintiff lacks good cause for his failure to effectuate service and the complaint will be dismissed pursuant to Rule 4(m).

The accompanying Order shall enter today.


Dated: 1/10/06                    s/Robert B. Kugler
                                  ROBERT B. KUGLER
                                  United States District Judge